(129 App. Div. 529.)

LASCHINSKY v. MARGOLIS et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. BILLS AND NOTES (§ 361*)—INDORSEMENTS—EFFECT.

The assets of a firm included a note payable to the three partners. On a division of the firm property, one of the partners took the note as his share, and as between them each of the three was liable for one-third of the amount thereof. The partner and copartners had indorsed the note at the time of its delivery to the partner. *Held*, that the partner had the right to transfer the note, and the fact that he transferred it before maturity to one who had notice of the fact that the three partners were liable as between themselves for a third of the note each, and who took the note without recourse to the partner, did not deprive a third person, obtaining the note before maturity, in good faith, and for value, of the right as indorsee to sue the copartners on their indorsement.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 824; Dec. Dig. § 361.*]

2. BILLS AND NOTES (§ 525*)—BONA FIDE PURCHASER—EVIDENCE—SUFFICIENCY.

In an action against indorsers of a note, evidence *held* to justify a finding that the indorsee acquired the note before maturity, for value, and without notice.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 525.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Dora Laschinsky against Jacob Margolis and others. From an order setting aside a verdict for plaintiff, she appeals. Order reversed, and verdict reinstated.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Abraham H. Simon, for appellant.

Meyer D. Siegel, for respondents.

HOOKER, J. This action was brought to recover on a promissory note which the plaintiff claimed to hold as an innocent purchaser for value before maturity. The indorsers, Margolis and Forman, alone answered, against whom judgment was rendered for the full amount of the note. The judgment was afterwards vacated by the trial justice on a motion for a new trial, on the ground that the verdict was against the law, the evidence, and the weight of evidence. The plaintiff has appealed from that order.

The undisputed facts which appeared at the trial were that the note in question was part of the assets of a partnership composed of the answering defendants and one Frisch, and that upon a division of the partnership property Frisch took these notes as his share, and that as between them they were each liable for one-third of the amount the notes represented. From here on there is a dispute as to the facts. The plaintiff's evidence tended to show that the defendants Margolis and Forman indorsed the note, in which Frisch, Margolis, and Forman were named as payees, and after such indorsement delivered the note to Frisch, whose name did not appear upon the back of the note until he later transferred it to Solomon. The defendants testify that, at the time of the delivery of the note to Frisch, all three of the parties had indorsed it. This discrepancy in the evidence, however, amounts to little, for by the delivery of this asset of the corporation to Frisch by the two other partners they, of course, meant to give it to him unconditionally, that he might do with it as he pleased.

Upon the character of the plaintiff's title she showed that Frisch, after becoming possessed of the note as indicated, sold it to Solomon; an allowance being made by Frisch to Solomon of $25, in consideration of which Solomon agreed to take the note without recourse as to Frisch. It is hardly open to dispute that as between Frisch and Solomon ample consideration passed. Very shortly before the maturity of the note Solomon transferred to plaintiff, his sister, and there is credible evidence offered by the plaintiff to show lack of notice in the sister of any possible defense, and that the consideration paid by the sister to the brother for the note was in good faith and actual. The only evidence offered by the defendants to attack the character of the plaintiff's title was the testimony of the witness who was sent to the plaintiff after the commencement of the action by defendants' attorneys, to whom, as he testified, the plaintiff said she knew nothing about the note or the suit, and the testimony of one of defendants' attorneys that after the commencement of the action he called upon the attorney for the plaintiff, who disclaimed any knowledge of this action. The credibility of the witness Solomon, as well as the credibility of the plaintiff, were doubtless for the jury, and the purpose of the evidence of the attorney for the defendant and that of his messenger was to cast doubt upon the transaction as related by plaintiff and her brother. As

the case was finally submitted to the jury, however, there was no preponderance of evidence sustaining the theory of defendants that the plaintiff had not paid value for the note innocently. On this branch of the case there was nothing in the verdict of the jury to shock the sense of right, and the order appealed from, which sets the verdict aside and vacates the judgment on the ground that the verdict was against the weight of evidence, cannot be sustained.

The order is wrong, also, for vacating the judgment on the ground that the verdict was contrary to law. It is conceded on the trial that the note was unpaid in the hands of the plaintiff, and that it was protested against the answering defendants, who claim, nevertheless, that they were relieved by reason of the fact that Solomon took the note from Frisch without recourse as to the latter. When Margolis and Forman consented to the transfer of this note to their copartner, Frisch, they gave him complete dominion over it, and there was nothing apparent on the face of the note or of the transaction to indicate to a later purchaser that Frisch did not have full power and the privilege to make any contract with a prior purchaser he saw fit. It pleased Solomon and Frisch that the latter should indorse without recourse. Except for certain evidence introduced by the defendants that Solomon had actual notice of the agreement between the defendants Margolis and Forman and Frisch, their copartner, Solomon, would have been a holder without notice. Conceding, however, that Solomon had notice of the fact that the three copartners were liable as between themselves for one-third of the note each, yet the plaintiff, whom the jury found paid value for the note before maturity and without notice, lost nothing because Frisch, in his transfer to Solomon, contracted against personal liability on the note.

The order should be reversed, with costs, and the verdict reinstated. All concur.

