the case was finally submitted to the jury, however, there was no preponderance of evidence sustaining the theory of defendants that the plaintiff had not paid value for the note innocently. On this branch of the case there was nothing in the verdict of the jury to shock the sense of right, and the order appealed from, which sets the verdict aside and vacates the judgment on the ground that the verdict was against the weight of evidence, cannot be sustained.

The order is wrong, also, for vacating the judgment on the ground that the verdict was contrary to law. It is conceded on the trial that the note was unpaid in the hands of the plaintiff, and that it was protested against the answering defendants, who claim, nevertheless, that they were relieved by reason of the fact that Solomon took the note from Frisch without recourse as to the latter. When Margolis and Forman consented to the transfer of this note to their copartner, Frisch, they gave him complete dominion over it, and there was nothing apparent on the face of the note or of the transaction to indicate to a later purchaser that Frisch did not have full power and the privilege to make any contract with a prior purchaser he saw fit. It pleased Solomon and Frisch that the latter should indorse without recourse. Except for certain evidence introduced by the defendants that Solomon had actual notice of the agreement between the defendants Margolis and Forman and Frisch, their copartner, Solomon, would have been a holder without notice. Conceding, however, that Solomon had notice of the fact that the three copartners were liable as between themselves for one-third of the note each, yet the plaintiff, whom the jury found paid value for the note before maturity and without notice, lost nothing because Frisch, in his transfer to Solomon, contracted against personal liability on the note.

The order should be reversed, with costs, and the verdict reinstated. All concur.

---

LASCHINSKY v. TUHNA et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Dora Laschinsky against David L. Tuhna and others. From an order setting aside a verdict rendered for plaintiff, she appeals. Reversed, and verdict reinstated.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Abraham H. Simon, for appellant.

Meyer D. Siegel, for respondents.

PER CURIAM. Order of the Municipal Court reversed, with costs, and verdict reinstated, on authority of Laschinsky v. Margolis (decided herewith) 114 N. Y. Supp. 296.